Alice Kibrik
vs.          } Law No. 87628.
Robert Finklestein

July 15, 1932.

JOSLIN, J.  This case and the case of Barney Blumenthal against the same defendant, No. 87627, were tried together by agreement of counsel. The jury returned a verdict for the defendant in each case.

The matter comes before the Court and was heard on plaintiff's motion for a new trial.

On May 13, 1931, the plaintiff was a passenger in a Pontiac car owned by the defendant and operated by his brother, Noah Finklestein, who was not a licensed operator. The defendant was not in the car at the time of the accident. The defendant had given his brother Noah consent to use the said car on the day in question, the defendant having been informed by his brother that he was taking his friends out. No restrictions were made on the use of the car.

At about ten o'clock p. m. on the day in question, the plaintiff, with a party of five others, left Providence in said car, intending to go to Taunton, Massachusetts. There was a light rain and the road was wet. They came along on Public Street, going in an easterly direction, and were approaching the intersection of Eddy Street, which runs north and south. The plaintiff claims that the car was then travelling at the rate of 25 or 30 miles per hour; that someone in the car spoke up and told the operator that they were approaching a sharp left turn and to be careful; that, notwithstanding this warning, the speed of the car was not lessened; that it made a sudden and sharp left turn into Eddy Street and there was a collision with a Buick car which was travelling south on Eddy Street. No one in the Pontiac car saw or heard the Buick car prior to the collision. The plaintiff claimed that she did not know that the operator was not a licensed driver; that she was sitting in the rear on the left side; and that Sadie Kibrik, her sister, was sitting in the front seat next to the operator.

All of the occupants of the Pontiac car, except Sadie Kibrik, testified. In addition, the plaintiff produced two witnesses, George R. Smith and William A. Hassell, apparently disinterested, who were sitting in an automobile which was parked on a vacant lot on the southeast corner of Public and Eddy Streets. They testified they first saw the Buick car going south on Eddy Street; that the collision occurred at the intersection, and that the Pontiac car was struck in the middle on its left side and turned over on its right side. The Buick car stopped at the manhole cover which was in the center of the intersection of Public and Eddy Streets.

The first defense urged by the defendant was that the operator was not licensed and that he was operating said car under the supervision of the plaintiff, who was a properly licensed operator; that the plaintiff was sitting in the front seat, next to the operator, in a position to readily control at all times the operation of the car, and that, therefore, the operator's negligence was imputable to her.

Public Laws 1925, Chap. 670, Sec. 5.

In substantiation of this defense, for the defendant, Fergus J. McOsker, Esq., testified that five days after the

accident he interviewed the plaintiff, who told him that Noah Finklestein was driving on her license and that she knew it before the accident, and that her sister Sadie was present at the interview.

Noah Finklestein, called by the defendant, admitted that in May 1931 he made a statement to the effect that he was driving on the license of the plaintiff.

Former Lieut. Walter of the Providence Police Department investigated the accident within a few moments after it occurred, spoke to the operators of both cars and then, in pursuance of his duty, made a report in writing which is in evidence as an exhibit. This report states that the operator "was operating the same (Pontiac car) upon the license of 'Ella Kibrik' (plaintiff) * * * who was riding beside the operator at the time."

It is significant that Sadie Kibrik. although present in Court during the trial, did not take the witness stand to testify that she was sitting in the front seat, nor to contradict Mr. Mc-Osker in respect to the conversation which he stated was held on May 18, 1931.

The jury found specially that the plaintiff was sitting in the front seat beside the driver. This special finding was fully warranted by the evidence and is consistent with the general verdict. In the opinion of the Court the jury was justified by the evidence in concluding that the plaintiff had assumed the supervision and control of the operation of the car. The consequent duty of the plaintiff then arose by implication of law. The plaintiff has no cause of action against the defendant which arises from the negligence of the operator for whose acts she herself is equally responsible.

*Cullison* vs. *Kooharian*, 51 R. I. 250.

The second defense urged by the defendant was that there was no negligence on the part of the operator which was the proximate cause of the accident; furthermore, that the Pontiac car, coming from the right of the Buick car, reached the intersection of Public and Eddy streets before the Buick car and therefore had the right of way.

Public Laws 1927, Chap. 1053, Sec. 1.

Those occupants of the Pontiac car who did testify stated that the operator was going at a rate of speed which, if believed, would be excessive for the time and place and under the circumstances. However, Lieut. Walter testified that Noah Finklestein had told him: "that he was going from 20 to 25 miles per hour, and when approaching the intersection of Eddy street he slowed down and applied the brakes and was going about ten miles per hour when the accident occurred."

Barney Blumenthal, the plaintiff in case No. 87627, in a signed written statement made two days after the accident, referring to the operation of the Pontiac car, said: "I would say he was going very careful because he (operator) did not know the road and it was drizzling rain."

The plaintiff's witnesses, Smith and Hassell, testified that the Pontiac was struck about the middle of the left side, and Hassell said that the Pontiac was at the middle of the intersection before the Buick car got there. They said the collision occurred at the manhole cover which is in the center of the intersection.

Smith, in a signed written statement dated July 3, 1931, stated both cars came together "about in the middle of the street," and that "the Pontiac was going straight across Eddy street," and that "the left side of the Pontiac and the front of the Buick came together."

There is also evidence that the tire marks of the Pontiac car begin to show from a point at the manhole cover. It is to be noted that none of the occupants saw the headlights of the Buick

car or heard the Buick car, tending to prove that the Pontiac car was ahead of the Buick. At any rate, the evidence justified a finding by the jury that the Pontiac reached the intersection in time to have the right of way over the Buick.

The burden was upon the plaintiff to prove by a fair preponderance of the evidence that the proximate cause of the accident was the negligence of the defendant. After a careful consideration of all the evidence, the Court is of the opinion that she has not sustained that burden. There was credible testimony which warranted the jury in drawing the inference and determining that there was no negligence of the defendant which proximately caused the accident.

The verdict is not contrary to the evidence, nor the law, and it does substantial justice between the parties.

Motion for a new trial is denied.

Attorneys for plaintiff: Higgins & Yaraus.

Attorney for defendant: Fergus J. McOsker.